## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT OWENSBORO
## CIVIL ACTION NO. 4:06-CV-P65-M

**ALAN M. INGRAM**                                                      **PLAINTIFF**

**v.**

**RON HERRINGTON** *et al.*                                   **DEFENDANTS**

### <u>MEMORANDUM OPINION</u>

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 (DN 1).  The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the Court will dismiss all the Plaintiff's claims against the Henderson County Detention Center and his individual capacity claims against Defendants Major Dunlap, Medical Director Krystal Spouduson, and Colonel Chief Fred Rowland, but will allow the remainder of Plaintiff's claims to proceed for further development.

### I.  Summary of Complaint

Plaintiff, Alan M. Ingram, an inmate currently incarcerated at the Kentucky State Penitentiary ("KSP") in Eddyville, Kentucky, brings this suit against the Henderson County Detention Center as well its jailer Ron Herrington, Major Dunlap, Deputy Charlie Johnson, Medical Director Krystal Spouduson, and Colonel Chief Fred Rowland.  Plaintiff indicates that he is suing each defendant in both his/her individual and official capacity except for Defendant Herrington, whom Plaintiff fails to denote as being sued in either his official or individual capacity.  Absent any indication to the contrary, the Court must presume that Defendant Herrington is being sued in only his official capacity.[1]

_____

[1]"When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings" to ascertain whether defendants have been notified of the

On October 27, 2005, Plaintiff was being transferred from Hickman, Kentucky to the Henderson County Detention Center in a van driven by Deputy Charlie Johnson. Plaintiff was not seat-belted into the van. Plaintiff states that Deputy Johnson was driving at an excessive rate of speed, ran a stop sign, and then slammed on the brakes to stop the van after running the stop sign. As a result, Plaintiff states that he "was thrown out of my seat into the back part of the seat in front of me and back into my seat really hard, I would have been thrown over the front seat in front of me, but I caught myself with my head and shoulder so that I could avoid hitting the person that was sitting in front of me." As a result, Plaintiff claims he suffered injuries to his head, neck, and back. He states that after the incident he reported his injuries to the officers riding in the van several times to no avail. When the van stopped in Fulton, Kentucky for "cans," Plaintiff reported his injuries to Deputy Johnson.[2] Deputy Johnson told Plaintiff that he should alert the nurse when they made it to the Henderson County Detention Center. Once at the Henderson County Detention Center, Plaintiff asked to see the nurse. This request was apparently denied until November 3, 2005, when Plaintiff was taken to see Dr. Church Field. Dr. Field diagnosed Plaintiff with "whiplash." Plaintiff concludes his complaint by stating that "I was never put into a seat belt before or after my injury."

## II. Standard of Review

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action if the court

___

potential for individual liability. *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001)(en banc). The complaint is devoid of any indication that Defendant Herrington has been sued in his individual capacity, requiring the Court to presume that he is being sued in his official capacity. *See Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991).

[2]The Court assumes that "cans" means that the vehicle stopped in Fulton, Kentucky for a restroom break.

determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2) *McGore*, 114 F.3d at 604.  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions.  *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

## III. Analysis

In order to state a claim under § 1983, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation

was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42 (1988).  In this case, Plaintiff is alleging that Defendants violated his constitutional right to be free from cruel and unusual punishment by speeding and/or failing to seat belt Plaintiff in the van and failing to promptly treat the injuries he sustained due to Defendant Johnson's allegedly reckless driving.

**A.       Claims against the Henderson County Detention Center**

To the extent that Plaintiff brings a § 1983 claim against the Henderson County Detention Center, he has not stated a viable claim.  The Henderson County Detention Center is not a "person" subject to suit under § 1983 as municipal departments, such as jails, are not amendable to suit under § 1983.  *See Rhodes v. McDannel*, 945 F.2d 117 (6th Cir. 1991) (holding that a police department may not be sued under § 1983).  As such, the Court will dismiss Plaintiff's claims against the Henderson County Detention Center.[3]

**B.       Plaintiff's individual capacity claims against Major Dunlap, Medical Director Krystal Spouduson, and Colonel Chief Fred Rowland**

The Court's duty to construe a *pro se* complaint liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing each defendant with fair notice of the basis of the claim.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). The complaint must contain more than bare legal conclusions.  *Lillard v. Shelby County Board of*

---

[3] In this situation, it is Henderson County that is the proper defendant in this case. *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658 (1978).  There is no need for the Court to construe the claims against Henderson County Detention Center as against the county, however, because Plaintiff has sued the individual defendants in their official capacities.  If an action for monetary damages is brought against an official of a governmental entity in his "official capacity," the suit should be construed as brought against the governmental entity.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Therefore, in the case at bar, Plaintiff's official capacity claims against Defendants are actually brought against Henderson County.

*Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).  To state a claim for relief under § 1983, the plaintiff must allege how each defendant was personally involved in the acts about which the plaintiff complains.  *Rizzo v. Goode*, 423 U.S. 362, 375 (1976).  Supervisory responsibility alone fails to state a claim of relief under § 1983.  *Monell*, 436 U.S. at 694; *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994).

The complaint contains no allegations of fact that specifically address Defendants Major Dunlap, Medical Director Krystal Spouduson, and Colonel Chief Fred Rowland.  The complaint simply lists them as defendants.  Absent allegations of their personal involvement in the incident about which Plaintiff complains, the complaint fails to state an individual capacity claim against them.  As such, these claims will be dismissed.

**C.     Plaintiff's remaining claims**

As a general principle, under the Eighth Amendment a prison official has the duty to ensure the "reasonable safety" of inmates.  *See Farmer v. Brennan*, 511 U.S. 825 (1994).  A prison official is liable for failing to protect when a plaintiff proves the following:  "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.  In other words, a prison official must act with deliberate indifference.  *See Roland v. Johnson*, 856 F.2d 764, 769 (6th Cir. 1988).  A defendant acts with deliberate indifference when "he causes unnecessary and wanton infliction of pain . . . by deliberately disregarding a serious threat to [the inmate's] safety after actually becoming aware of that threat."  *Walker v. Norris*, 917 F.2d 1449, 1454 (6th Cir. 1990) (quoting lower court's deliberate indifference jury instruction with approval).

Construing the remaining allegations in a light most favorable to Plaintiff, the Court

cannot say as a matter of law that Plaintiff has failed to state an Eighth Amendment claim against Defendant Johnson in his individual capacity or against Henderson County.  As such, the Court will allow these claims to proceed.  The Court cautions Plaintiff, however, that allowing these claims to proceed is no indication that he will ultimately prevail.  Rather, the Court will allow issuance and service of summons on Defendants and will enter a scheduling order to govern the further development of these claims, which are always subject to later dismissal on motion of Defendants.

Consistent with this Memorandum Opinion, the Court will enter an order dismissing Plaintiff's claims against the Henderson County Detention Center and his individual capacity claims against Defendants Major Dunlap, Medical Director Krystal Spouduson, and Colonel Chief Fred Rowland, and will enter a separate Order governing development of the remaining claims (Plaintiff's Eighth Amendment claims against all Defendants in their official capacities and against Defendant Johnson in his individual capacity).

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Henderson County Attorney
4414.008