**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:06-CV-P65-M**

**ALAN M. INGRAM**                                                                                        **PLAINTIFF**

**v.**

**RON HERRINGTON** *et al.*                                                                      **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 (DN 1). The matter is before the Court on Plaintiff's motion for appointment of counsel (DN 27), Defendants' motion for summary judgment (DN 24), and Defendants' motion to dismiss for failure to prosecute (DN 25). For the reasons explained below, the Court will deny Plaintiff's motion for appointment of counsel, grant Defendants' summary judgment motion, and deny Defendants' motion to dismiss as moot.

**I. Plaintiff's Motion for Appointment of Counsel**

Plaintiff has requested the Court to appoint him counsel, stating: "Hi, my name is Alan M. Ingram and I would like for the Courts to appoint me a lawyer. I drew SSI before I went to prison. I'm out now and I'm waiting on my SSI appeal. Please do not dismiss my case in court." Prisoners do not possess a constitutional right to the appointment of counsel in a civil case. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Rather, appointment of counsel lies exclusively within the court's discretion. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). Furthermore, appointment of counsel is justified only in exceptional circumstances. *Lavado*, 992 F.2d at 606. To determine whether exceptional circumstances exist, the Court must consider the complexity of the issues involved and the ability of Plaintiff to represent himself. *Id.* Several factors lead the Court to conclude that appointment of counsel is not justified in this case.

Plaintiff filed his complaint in May 2006. In January 2007, the Court entered a Scheduling Order setting a discovery deadline of June 5, 2007, ordering Plaintiff to file a pretrial memorandum by August 6, 2007, and setting a dispositive motion deadline of August 6, 2007. The only action Plaintiff has taken in this case since the entry of that Order is filing a notice of change of address and his motion for appointment of counsel. However, Plaintiff did not file the motion until August 31, 2007, well after the close of discovery and after the date for his pretrial memorandum had passed. Plaintiff has provided no explanation why he failed to take action in this case or to identify any impediment that prevented him from actively litigating his claims. Based on Plaintiff's complaint, it appears that Plaintiff had the ability to access the courts and to represent himself, but simply chose not to do so in a timely manner. To grant Plaintiff counsel at this late stage would be to condone his months of inactivity in this case.

Additionally, the Court finds that the complexity of the legal issues in this case does not necessitate the appointment of counsel.

The Court concludes that Plaintiff has not set forth any exceptional circumstances warranting appointment of counsel. As such, the Court will deny his request for counsel.

## II. Defendants' Motion for Summary Judgment

**A.     Factual and Procedural History**

Plaintiff, Alan M. Ingram, a former inmate, brought this suit against the Henderson County Detention Center as well as its jailer Ron Herrington, Major Dunlap, Deputy Charlie Johnson, Medical Director Krystal Spouduson, and Colonel Chief Fred Rowland.

On October 27, 2005, Plaintiff was being transferred from Hickman, Kentucky to the Henderson County Detention Center in a van driven by Deputy Charlie Johnson. Plaintiff was not seat-belted into the van. Plaintiff states that Deputy Johnson was driving at an excessive rate

2

of speed, ran a stop sign, and then slammed on the brakes to stop the van after running the stop sign. Plaintiff states that he "was thrown out of my seat into the back part of the seat in front of me and back into my seat really hard, I would have been thrown over the front seat in front of me, but I caught myself with my head and shoulder so that I could avoid hitting the person that was sitting in front of me." As a result, Plaintiff claims he suffered injuries to his head, neck, and back. He states that after the incident he reported his injuries to the officers riding in the van several times to no avail. When the van stopped in Fulton, Kentucky for "cans," Plaintiff reported his injuries to Deputy Johnson. Deputy Johnson told Plaintiff that he should alert the nurse when they made it to the Henderson County Detention Center. Once at the Henderson County Detention Center, Plaintiff asked to see the nurse. This request was apparently denied until November 3, 2005, when Plaintiff was taken to see Dr. Church Field. Dr. Field diagnosed Plaintiff with "whiplash." Plaintiff concludes his complaint by stating that "I was never put into a seat belt before or after my injury."

On initial review of the complaint pursuant to pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Court allowed Plaintiff's Eighth Amendment claims against all Defendants in their official capacities and against Defendant Johnson in his individual capacity to proceed for further development. The discovery deadline has passed, and Defendants have now moved for summary judgment on all Plaintiff's remaining claims. Plaintiff failed to respond to Defendants' motion within the allotted time period or to move for an extension of time to do so. Thus, the matter is now ripe for a decision.

**B.      Standard of Review**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* at 325.

Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his or her case with respect to which he or she bears the burden of proof. *Id*. at 322. The nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. "Although the nonmoving party 'may not rest upon the mere allegations or denials' of his pleading, Fed. R. Civ. P. 56(e), a verified complaint or additional affidavit . . . satisfies the burden of the nonmovant to respond." *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### 1. Plaintiff's official capacity claims.

If an action for monetary damages is brought against an official of a governmental entity in his "official capacity," the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989); *Matthews v. Jones*, 35 F.3d

1046, 1049 (6th Cir. 1994). Therefore, in the case at bar, Plaintiff's official capacity claims against Defendants are actually brought against Henderson County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). "A plaintiff seeking to hold a municipality liable under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Id.* at 403-04. "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.* at 404. "Beyond having to identify 'conduct properly attributable to the municipality itself,'" a plaintiff "must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Cherrington v. Skeeter*, 344 F.3d 631, 645 (6th Cir. 2003) (quoting *Bd. of County Comm'rs of Bryan County*, 520 U.S. at 404) (internal quotation marks omitted).

Despite having an opportunity for discovery, Plaintiff has failed to come forward with any evidence that would tend to establish that the failure to buckle Plaintiff in the van, the ensuing accident, or any lapses in his medical care subsequent to the accident resulted from a policy or custom. Accordingly, the Court concludes that Defendants are entitled to summary judgment on Plaintiff's official capacity claims.

### 2. Individual capacity claims against Deputy Johnson

Deputy Johnson was the driver of the van. As a general principle, under the Eighth Amendment a prison official has the duty to ensure the "reasonable safety" of inmates. *See Farmer v. Brennan*, 511 U.S. 825 (1994). A prison official is liable for failing to protect when a plaintiff proves the following: "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. In other words, a prison official must act with deliberate indifference. *See Roland v. Johnson*, 856 F.2d 764, 769 (6th Cir. 1988). A defendant acts with deliberate indifference when "he causes unnecessary and wanton infliction of pain . . . by deliberately disregarding a serious threat to [the inmate's] safety after actually becoming aware of that threat." *Walker v. Norris*, 917 F.2d 1449, 1454 (6th Cir. 1990) (quoting lower court's deliberate indifference jury instruction with approval). However, the Eighth Amendment is not implicated by a state official's mere negligent acts where no deliberate indifference is alleged by the plaintiff. *Daniels v. Williams*, 474 U.S. 327 (1986). In *Daniels*, the Supreme Court explained:

> We think that the actions of prison custodians in leaving a pillow on the prison stairs, or mislaying an inmate's property, are quite remote from the concerns just discussed. Far from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law. . . Where a government official's act causing injury to life, liberty, or property is merely negligent, "no procedure for compensation is constitutionally required."

*Id.* at 332 (internal citations omitted).

Defendants attached an "incident report" regarding the alleged accident to their motion for summary judgment. According to the report, Deputy Johnson was traveling at a speed of

6

between 45 and 50 miles per hour, applied the brake as he approached the stop sign at which time his foot slipped causing him to have to suddenly reapply the brake to avoid running the stop sign. Plaintiff alleges in his complaint that Deputy Johnson was speeding and not paying attention. Even if one accepts Plaintiff's version of events, at most he has alleged that Deputy Johnson drove negligently and failed to buckle Plaintiff in the van. As so, he has failed to establish that Deputy Johnson acted with a conscious disregard for his rights. As recently explained by the Eastern District of Michigan in *Young v. Hightower*, No. 04-10309, 2007 U.S. Dist. LEXIS 54507 (E.D. Mich. July 27, 2007), a very well-reasoned and researched opinion applying virtually identical facts:

> The Court believes that the weight of authority from other circuits requires a finding that no Eighth Amendment violation occurs simply by transporting a prisoner unseatbelted in a prison vehicle. To violate the Eighth Amendment, a prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." ***Refusing to seat belt a prisoner during transport and then exceeding the speed limit does not constitute an "excessive risk to inmate health or safety." Ibid.*** Many people drive without wearing a seatbelt, and speeding on the highway is a frequent occurrence. Although driving fast is risky, it cannot be considered an "excessive" risk. Nor can the officers in this case be said to have a "sufficiently culpable state of mind." The plaintiff alleges that the driver assured him that they would not be in an accident. Although they may have driven at high speeds, that does not constitute deliberate indifference to the plaintiff's safety. The plaintiff's complaint, therefore, does not state facts establishing the objective component of an Eighth Amendment claim.
>
> Moreover, even if refusing to seatbelt the plaintiff did violate the Constitution, the defendants are still entitled to qualified immunity because the law was not clearly established at the time of the accident. At the time of the accident, only one unpublished case had found refusal to seatbelt a prisoner to be a constitutional violation. That case, *Brown v. Morgan*, 39 F.3d 1184, [published in full-text format at 1994 U.S. App. LEXIS 30930], 1994 WL 610993 (8th Cir. 1994) (table), involved a sheriff's deputy who was purposely trying to scare a prisoner. He smiled and sped up when the prisoner asked him to slow down and said, "Are you scared?" That statement may have been adequate to show subjective indifference under the Eighth Amendment. There is no factual analog alleged in the plaintiff's complaint in this case, however. In addition, *Brown* is an unpublished case from another circuit, and it is insufficient to put the defendants on notice that their behavior violated the

> Constitution. The only published case at the time of the accident was also from the Eighth Circuit. However, in *Spencer v. Knapheide Truck Equip. Co.*, [183 F.3d 902 (8th Cir. 1999)], the court concluded that the prison was not required to use patrol wagons with safety restraints. Neither of these is from this circuit, and neither is sufficient to put the defendants on notice that they were violating the plaintiff's constitutional rights by refusing to seatbelt him.

*Id.* (internal citations omitted) (emphasis added). The Court agrees with the logic and reasoning of its sister court in Michigan. Like the plaintiff in *Young*, Plaintiff has failed to establish that his constitutional rights were violated by Deputy Johnson's actions.

Accordingly, for the reasons explained above, the Court concludes that Defendants are entitled to summary judgment. The Court will enter a separate Judgement in favor of Defendants.

### III. Defendants' motion to dismiss

Defendants have moved to dismiss Plaintiff's complaint against them for failure to prosecute. Because the Court has concluded that Defendants are entitled to summary judgment, it will deny Defendants' motion to dismiss as moot.

The Court will enter an Order/Judgment consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Counsel of record

4414.008